UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Leon Leonard Medley,

           Petitioner,

—v—

Thomas Decker, *et al.*,

           Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 1 1 2019

18-cv-7361 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

     Petitioner Leon Leonard Medley brought the Petition for a Writ of Habeas Corpus now before the Court pursuant to 28 U.S.C. § 2241 to remedy his allegedly unlawful detention by Respondents. Medley argues that his bond revocation and redetention violated the Fourth and Fifth Amendments, as well as the Immigration and Nationality Act and the Administrative Procedure Act. He seeks a new bond hearing and argues that at that new hearing the Government must bear the burden of establishing his dangerousness or risk of flight. Because of changed circumstances since the filing of this Petition, Respondents concede that Medley is entitled to a new hearing. The issue of who should bear the burden at that new hearing remains contested. For the reasons that follow, the Court grants Medley's Petition and orders Respondents to provide him with a bond redetermination hearing before an Immigration Judge ("IJ") at which the Government bears the burden of establishing his dangerousness or risk of flight by clear and convincing evidence.

I.      **BACKGROUND**

1

Medley was first admitted to the United States in June 2006 as a 15-year-old visitor from Jamaica and has lived in New York ever since. Second Am. Pet. (Dkt. No. 9) ¶ 16. In November 2017, he married his U.S.-citizen wife, and the couple have since had two children together. *Id.* On December 20, 2017, Medley was detained by Immigration and Customs Enforcement ("ICE") and placed in removal proceedings on the basis of overstaying a non-immigrant visa. Second Am. Pet. ¶ 17. Medley was held in custody at Hudson County Jail and received his first bond hearing before an IJ approximately three months later, on March 16, 2018. *Id*; *see also generally* Dkt. No. 15-2. At that hearing, the IJ placed the burden on Medley to demonstrate that he did not pose a danger to the community or a flight risk and ultimately found that Medley met this burden. *See* Dkt. No. 9-8 at 1–3. Accordingly, she granted his bond request, setting bond at $5000, and Medley was subsequently released on bail.

On May 31, 2018, Medley was arrested by officers of the New York Department of Homeless Services and charged with resisting arrest, obstructing governmental administration, endangering the welfare of a child, and attempted assault. Dkt. No. 15-3 at 1. He was arraigned on those charges and released on $1000 bail. Second Am. Pet. ¶ 19. On August 14, 2018, Medley appeared at Bronx Criminal Court for a hearing on the May 31 charges and was rearrested by ICE upon leaving the Courthouse. Second Am. Pet. ¶¶ 20–21. The arrest was made pursuant to an administrative warrant, Dkt. No. 16 ¶ 24, and Medley was provided a Notice of Custody Determination on the day of his arrest, Dkt. No. 15-4 at 1. That same day, Medley filed his initial Petition for a Writ of Habeas Corpus challenging his rearrest and redetention as a deprivation of his liberty without adequate procedural protections. *See* Dkt. No. 1. On September 10, 2019, Medley moved for a bond redetermination hearing, Second Am. Pet. ¶ 24, which was held before the IJ on October 10, 2018, *see generally* Dkt. No. 15-5. Eight days

before that hearing was held, the May 31 charges were dismissed and sealed. Second Am. Pet. ¶ 25. On the same day, Medley's only other open criminal case, which pre-dated his March 2018 bond hearing, was resolved with an adjournment in contemplation of dismissal. *Id.*

At the October 10, 2018 bond redetermination hearing, the IJ again placed the burden on Medley to prove that he did not pose a flight risk or a danger to the community. Second Am. Pet. ¶ 26; *see also* Dkt. No. 15-5 at 7:18–15:15; Dkt. No. 18-2 at 1–2 & n.2. The IJ ultimately denied Medley's bond request, see Dkt. No. 15-5 at 35:5–36:2, concluding that his May 2018 arrest for domestic violence prevented him from establishing that he was not a danger to the community, see *id.*; *see also* Dkt. No. 18-2 at 3.

On October 11, 2018, the day after the hearing, Medley filed the Second Amended Petition for a Writ of Habeas Corpus now before the Court. *See* Second Am. Pet. This Petition specifically challenges the bond redetermination hearing as constitutionally inadequate due to the IJ's placement of the burden on Medley to reestablish his eligibility for release. *See, e.g.,* Second Am. Pet. ¶ 26. Medley also appealed the bond redetermination decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision on March 29, 2019. Dkt. No. 21-2 at 3–4.

On January 8, 2019, the IJ ordered Medley removed. Dkt. No. 21-1 at 4. He subsequently appealed his removal order to the BIA, and on June 25, 2019, the BIA dismissed his appeal, rendering that order administratively final. *See* Dkt. No. 24-1 at 1; *see also* Dkt. No. 24 at 2. However, on November 13, 2019, the BIA reopened Medley's removal proceedings after the vacatur of a conviction for possession of marijuana. Dkt. No. 26-1 at 1. Accordingly,

he has been placed back into removal proceedings pursuant to 8 U.S.C. § 1229(a) and is now being detained pursuant to 8 U.S.C. § 1226(a).[1] *See id.*

As of the date of this Opinion and Order, Medley has been in ICE custody for the nearly 16 months that have elapsed since his August 14, 2018 arrest.

## II. DISCUSSION

As an initial matter, Respondents note that the recent reopening of Medley's removal proceedings permits him to seek a new bond redetermination hearing, and they represent to the Court that ICE will not oppose the holding of such a hearing. *See* Dkt. No. 27 at 1. However, the question of who will bear the burden at that hearing remains, and thus the Court addresses that question, raised by Medley in his first claim for relief, below.[2]

### A. The Court has Jurisdiction over Claims Asserted in Medley's Habeas Petition

Respondents argue that this Court lacks jurisdiction over Medley's challenge to his bond redetermination hearing because "he has not raised a constitutional question subject to judicial review." Dkt. No. 17 at 19. While they are correct that 8 U.S.C. § 1226(e) bars judicial review of bond determinations within the discretion of the Attorney General, Medley claims that he was provided a constitutionally inadequate bond hearing in violation of the Due Process Clause; contrary to Respondents' contention, he is not "merely disputing the IJ's judgment." *Bogle v. DuBois*, 236 F. Supp. 3d 820, 822 (S.D.N.Y. 2017). These "[c]laims of constitutional infirmity

---

[1] The reopening of Medley's removal proceedings has mooted Respondents' argument that his detention is governed by 8 U.S.C. § 1231. *See* Dkt. No. 24 at 2. The parties agree that his detention is currently governed by 8 U.S.C. § 1226(a). *See* Dkt. No. 26 at 1; Dkt. No. 27 at 1.

[2] The Court rejects Respondents' request that it require Medley to seek his new hearing first before ruling on the burden question. *See* Dkt. No. 27 at 1–2. That question was exhausted below, is fully briefed here, and remains ripe. *Cf. Evans v. Larkin*, No. 11-CV-4706 (JFB), 2014 WL 3882333, at *5 n.5 (E.D.N.Y. Aug. 7, 2014) (finding, in the context of a § 2241 petition brought by a state prisoner, that a claim is ripe when the petitioner exhausts "all levels of [administrative] review (including the administrative appeals process)"). As Respondents concede, Medley had exhausted all levels of administrative review with respect to his bond redetermination hearing by March 2019, when the BIA dismissed his appeal from the IJ's October 10, 2018 bond redetermination decision. Dkt. No. 21 at 1. Accordingly, no further delay is required.

in the procedures followed at a bond hearing are *not* precluded by § 1226(e)." *Id.* (emphasis added). Accordingly, Medley's "[c]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (second alteration in original) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

### B. The Government Must Bear the Burden of Proof by Clear and Convincing Evidence at a § 1226(a) Bond Redetermination Hearing

Medley argues in his Second Amended Petition that his right to due process was violated because the IJ failed to place the burden of proof to establish that he posed a flight risk or a danger to the community on the Government at his bond redetermination hearing. Second Am. Pet. ¶ 40. For the reasons stated below, the Court concludes that at a bond hearing under § 1226(a), the Government—*not* Medley—must bear the burden of establishing, by clear and convincing evidence, that Medley poses a flight risk or a danger to the community.

While "[n]othing in § 1226(a)'s text" requires that the Government bear the burden of establishing by clear and convincing evidence the necessity of an individual's detention, *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018), the Due Process Clause of the Fifth Amendment compels this conclusion. The Due Process Clause protects all persons in the United States—citizens and non-citizens alike—from the deprivation of "liberty . . . without due process of law." U.S. Const. amend. V; *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the *heart* of the liberty [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (emphasis added). Indeed, "the Court has repeatedly reaffirmed that 'civil commitment *for any purpose* constitutes a significant deprivation of liberty that requires due process protection.'" *Martinez v. Decker*, 2018 WL 5023946, at *2 (S.D.N.Y. Oct. 17, 2018) (quoting *Addington v. Texas*, 441

5

U.S. 418, 425 (1979)). For this reason, the Supreme Court has required the Government to bear the burden of establishing the necessity of civil commitment in various contexts. *See, e.g., Addington*, 441 U.S. at 427 (requiring the state to justify civil commitment by proof "more substantial than a mere preponderance of the evidence"); *Foucha v. Louisiana*, 504 U.S. 71, 75, 80 (1992) (invalidating Louisiana statute permitting the indefinite detention of insanity acquittees that placed the burden on them to prove they were not dangerous).

Though neither the Supreme Court nor the Second Circuit has addressed whether the Due Process Clause requires the Government to bear the burden of proof at a bond hearing under § 1226(a), the "overwhelming consensus of judges in this District" is that it does. *Fernandez Aguirre v. Barr*, No. 19-CV-7048 (VEC), 2019 WL 3889800, at *3 (S.D.N.Y. Aug. 19, 2019) (collecting cases) (quoting *Bermudez Paiz v. Decker*, No. 18-CV-4759, 2018 WL 6928794, at *15 (S.D.N.Y. Dec. 27, 2018)); *see also Velasco Lopez v. Decker*, No. 19-CV-2912 (ALC), 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019) ("[E]very court to have considered the constitutional issue presented in this case has agreed with [its] persuasive logic – under the Due Process Clause of the Fifth Amendment, it is the Government's burden to justify the detention of an immigrant at a bond hearing under § 1226(a)."); *Darko v. Sessions*, 342 F. Supp.3d 429, 434–36 (S.D.N.Y. Oct. 19, 2018); *Martinez*, 2018 WL 5023946, at *3–5; *Perez v. Decker*, No. 18-CV-5279 (VEC), 2018 WL 3991497, at *6 (S.D.N.Y. Aug. 20, 2018). The Court is persuaded by the reasoning of these courts and agrees that it is appropriate—and, indeed, required by the Constitution—that the Government bear the burden in this context, "given the important constitutional interests at stake, and the risk of harm in the event of error." *Darko*, 342 F. Supp. 3d at 435. The balance of the Government's interest in "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community," *Zadvydas*, 533 U.S.

at 690, and the individual's *substantial* interest in his physical liberty during the years it may take to resolve his immigration proceedings "supports imposing the greater risk of error on the Government—specifically, by allocating to it the burden of proof," *Darko*, 342 F. Supp. 3d at 435 (quoting *Martinez*, 2018 WL 5023946, at *3).

The Court further finds, again "in accordance with the overwhelming majority of courts to have decided the issue," that the Government must bear this burden by clear and convincing evidence. *Darko*, 342 F. Supp. 3d at 436. "Because it is improper to ask the individual to 'share equally with society the risk of error when the possible injury to the individual'—deprivation of liberty—is so significant, a clear and convincing evidence standard of proof provides the appropriate level of procedural protection" in this context. *Singh*, 638 F.3d at 1203–04 (quoting *Addington*, 441 U.S. at 427).

In sum, the Court concludes that the Due Process Clause of the Fifth Amendment requires the Government to establish dangerousness or risk of flight at any bond hearing under § 1226(a) by clear and convincing evidence. Accordingly, it grants Medley's Petition on this ground.

### C. Medley's Remaining Claims

Because the Court resolves Medley's first claim in his favor and grants him the relief that he seeks—namely, a constitutionally adequate bond redetermination hearing—it need not reach the additional claims he asserts in his Petition. The Court notes that in the Petition's Prayer for Relief Medley also seeks his costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* Second Am. Pet. Prayer for Relief. However, neither party addressed this issue in their briefing. Accordingly, the Court declines to resolve it without further briefing.

## III. CONCLUSION

Medley's Petition is hereby GRANTED. Because the Court resolves this Petition on the papers, Medley's request for oral argument is DENIED.

Within seven calendar days of the date of this Opinion and Order, Respondents must provide Medley with a bond redetermination hearing before an IJ at which the Government bears the burden of establishing, by clear and convincing evidence, that he poses a danger to the community or a flight risk. Should Respondents fail to provide Medley with such a bond hearing within seven calendar days, they must immediately release him.

Also within seven calendar days of the date of this Opinion and Order, Medley may submit supplemental briefing addressing his request for costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act. If he does file such briefing, Respondents' opposition shall be due seven days thereafter, and Medley may file a reply three days after Respondents file their opposition. If the Court does not receive any supplemental briefing within seven calendar days, it will direct the Clerk of Court to close this case.

SO ORDERED.

Dated: December 11, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge