UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/20

Leon Leonard Medley,

Petitioner,

—v—

Thomas Decker, *et al.*,

Respondents.

18-cv-7361 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Petitioner Leon Leonard Medley's motion to enforce, filed on January 22, 2020. For the reasons that follow, this motion is DENIED.

I.    BACKGROUND

On October 11, 2018, Mr. Medley filed a Second Amended Petition for a Writ of Habeas Corpus, which challenged the constitutionality of the bond hearing he received before an Immigration Judge on October 10, 2018. *See generally* Second Am. Pet. Specifically, he argued in his Petition that the bond hearing was constitutionally inadequate because the Immigration Judge placed the burden on him to establish his eligibility for release. *See, e.g., id.* ¶ 26. On December 11, 2019, the Court conditionally granted Mr. Medley's Second Amended Petition and ordered Respondents to provide him with a bond hearing before an Immigration Judge at which the Government would bear the burden of establishing his dangerousness or risk of flight by clear and convincing evidence. *See* Dkt. No. 29.

On December 17, 2019, Mr. Medley received the bond hearing ordered by this Court in its December 11, 2019 Opinion and Order. *See* Dkt. No. 41-1. At the outset of that hearing, the Immigration Judge properly noted, consistent with the Court's December 11 Opinion and Order,

1

that it was incumbent upon the Government to establish Mr. Medley's dangerousness or risk of

flight by clear and convincing evidence in order to justify his continued detention. *See id.* at

2:1–9. Counsel for the Department of Homeland Security then filed a submission of

documentary evidence for the Immigration Judge to review consisting of Mr. Medley's RAP

sheet; a criminal complaint pertaining to Mr. Medley's May 2018 arrest and unsigned, unsworn

police reports related to that arrest; a criminal complaint pertaining to his July 2017 arrest and

unsigned, unsworn police reports relating to that arrest; a criminal complaint pertaining to his

October 2017 arrest and unsigned, unsworn police reports relating to that arrest; a criminal

complaint pertaining to his August 2015 arrest and unsigned, unsworn police reports pertaining

to that arrest; and a disciplinary report from Hudson County Jail. *See* Dkt. No. 33-2. Though

this submission did not include indictments or certificates of disposition, *see* Dkt. No. 33-1 ¶ 7,

Mr. Medley's counsel pointed out at the hearing that every single charge had been dismissed by

the criminal courts except for one for harassment under N.Y. Penal Law § 240.26, a non-criminal

violation under New York state law, resulting from his August 2015 arrest, *id.* ¶ 6.

On December 26, 2019, the Immigration Judge issued a written decision concluding that

the Department of Homeland Security had met its burden of establishing by clear and convincing

evidence that Mr. Medley posed a danger to the community and accordingly denied him bond.

*See generally* Dkt. No. 33-7. In so concluding, he reviewed the four criminal complaints and

accompanying police reports related to Mr. Medley's four arrests and noted that though Mr.

Medley was not convicted of any of the charges arising from three of the four incidents, he could

not "neglect the fact that the Respondent was arrested and charged multiple times for assault,

attempted assault, strangulation, and endangering the welfare of a child." Dkt. No 33-7 at 4. He

also reviewed rebuttal evidence submitted by Mr. Medley, including a reentry plan, letters of

support from friends and family, and proof of Mr. Medley's attendance at GED classes, and ultimately determined that "in light of the violent nature of the Respondent's arrests," this rebuttal evidence did not mitigate the danger he concluded Mr. Medley posed to the community. *Id.*

On January 22, 2020, Mr. Medley filed the motion now before the Court. This motion is styled as a motion to enforce this Court's December 11, 2019 Order and requests that the Court order Mr. Medley's immediate release due to the Immigration Judge's failure to apply a clear and convincing standard of review. *See generally* Dkt. No. 33. Specifically, Mr. Medley argues that the evidence relied upon by the Immigration Judge—four criminal complaints, four unsigned, unsworn police reports, and a record of a disciplinary violation from Hudson County Jail—was insufficient as a matter of law to establish Mr. Medley's dangerousness by clear and convincing evidence. *See* Dkt. No. 33 at 1. Mr. Medley has requested expedited resolution of this motion. *See* Dkt. Nos. 42, 45.

For the reasons that follow, Mr. Medley's motion is DENIED.

## II. DISCUSSION

As an initial matter, the Court assumes for purposes of this Order that it may review Mr. Medley's so-called motion to enforce. Indeed, the Court need not decide whether moving to enforce the Court's Order is the proper avenue for the relief Mr. Medley seeks or whether 8 U.S.C. § 1226(e) or Mr. Medley's failure to exhaust present obstacles to review, because it concludes that Mr. Medley is not entitled to the relief that he seeks. The Court also notes that the Notice of Appeal filed on February 18, 2020, *see* Dkt. No. 44, does not divest it of jurisdiction here. Not only was Mr. Medley's motion to enforce filed before the Notice of Appeal, but also one exception to the divestiture of jurisdiction is that, "absent a stay, a district court retains jurisdiction to enforce its orders and judgments despite an appeal." *Apollinaire v. Barr*, No. 19-

cv-6285 (FPG), 2019 WL 4023560, at *2 (W.D.N.Y. Aug. 27, 2019) (citing *City of New York v. Venkataram*, No. 06-cv-6578 (NRB), 2012 WL 2921876, at *3 (S.D.N.Y. July 18, 2012) (collecting cases)).

As discussed above, Mr. Medley argues in his motion that the Immigration Judge applied the wrong standard—and thus failed to comply with this Court's Order—because the evidence was insufficient, as a matter of law, to support a finding of dangerousness by clear and convincing evidence. The Court disagrees.

In reviewing Mr. Medley's motion to enforce, "it is important to emphasize that the Court's task is narrow: it is to determine whether Respondent[s] complied with the [Opinion] and Order, not to review the hearing evidence de novo[.]" *Blandon v. Barr*, No. 6:18-cv-06941 (EAW), 2020 WL 465728, at *4 (W.D.N.Y. Jan. 22, 2020) (quoting *Apollinaire v. Barr*, No. 19-cv-6285 (FPG), 2019 WL 4023560, at *3 (W.D.N.Y. Aug. 27, 2019)). Indeed, the Court is "mindful of [its] obligation to afford . . . a degree of deference to the [factfinder's] determinations," *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019) (internal quotation marks and citation omitted), and approaches the issue raised by Mr. Medley with care, so as "not to overstep its bounds and set aside an immigration judge's bond determination on discretionary or evidentiary grounds," *Nguti v. Sessions*, No. 16-cv-6703, 2017 WL 5891328, at *2 (W.D.N.Y. Nov. 29, 2017).

The key inquiry in determining whether the Immigration Judge complied with the Court's Order is whether during Mr. Medley's bond hearing the Immigration Judge "relied upon proof that *could not possibly establish* by clear and convincing evidence—as a matter of law—that [Petitioner] was a danger to the community." *Blandon*, 2020 WL 465728, at *4 (emphasis added) (quoting *Nguti*, 2017 WL 5891328, at *2); *see also Apollinaire*, 2019 WL 4023560, at

*3). "[C]lear and convincing evidence . . . means something more than preponderance of the evidence, and something less than beyond a reasonable doubt." *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985) (internal quotation marks omitted).

The Court concludes that the Immigration Judge did comply with its Order. He "reviewed the evidence, heard arguments from both sides, and came to a legally permissible conclusion in light of the available evidence." *Apollinaire*, 2019 WL 4023560, at *3. In reaching this legally permissible conclusion, he specifically reviewed and relied on the four separate criminal complaints and accompanying police reports submitted by the Department of Homeland Security. The incidents giving rise to these complaints and police reports are all relatively recent—they date from 2014 to 2018—and one occurred only a month and a half after Mr. Medley was previously granted release from immigration custody on a $5,000 bond. Dkt. No. 33-7 at 1–2. Moreover, all of these complaints and police reports allege that Mr. Medley engaged in violent conduct toward others. The Immigration Judge also explicitly considered the rebuttal evidence offered by Mr. Medley, before ultimately concluding that, in light of the "violent nature" of Mr. Medley's four separate arrests, the rebuttal evidence he offered did not mitigate the danger he concluded Mr. Medley posed to the community. *Id.* at 4. In short, the Immigration Judge "reviewed the record, identified the conflicting evidence, and reasonably resolved the conflicts to reach a conclusion." *Apollinaire*, 2019 WL 4023560, at *3. While Mr. Medley "may disagree with [his] resolution of the factual disputes," *id.*, under these circumstances, the Court cannot conclude that the evidence the Immigration Judge relied upon in reaching his conclusion *could not possibly* establish by clear and convincing evidence that Mr. Medley posed a danger to the community, *see id.*; *see also Nguti*, 2017 WL 5891328, at *3; *Gutierrez Cupido v. Barr*, No. 19-cv-6367 (FPG), 2020 WL 103477, at *3 (W.D.N.Y. Jan. 9,

2020); *cf. Fernandez Aguirre v. Barr*, No. 19-cv-7048 (VEC), 2019 WL 4511933, at \*6

(S.D.N.Y. Sept. 18, 2019) (finding RAP sheet and two charging instruments showing petitioner

had traffic tickets and charges for low-level state offenses that were not clearly violent

insufficient to establish dangerousness by clear and convincing evidence).

Mr. Medley's counterarguments do not compel a contrary conclusion. He argues that

counsel for the Department of Homeland Security omitted certificates of disposition that would

have demonstrated the dismissal of the charges on which arguments regarding Mr. Medley's

dangerousness were premised. *See* Dkt. No. 33 at 12. However, it is clear, both from the

transcript of the bond hearing and the Immigration Judge's opinion itself, that the Immigration

Judge was aware that Mr. Medley was not convicted of all the charges against him. *See* Dkt. No.

33-7 at 4 (noting that "Respondent was not convicted of all the charges against him"). He also

argues that the Immigration Judge failed to consider alternatives to detention before denying Mr.

Medley bond. *See* Dkt. No. 33 at 18. However, Mr. Medley did not seek from this Court an

order requiring that the Immigration Judge consider alternatives to detention, *see* Dkt. No. 9 at

25, and thus the Court did not require the Immigration Judge to do so. *See generally* Dkt. No.

29. The Court cannot now enforce an order that it never issued.

In sum, the Court concludes that the Immigration Judge complied with the its December

11 Order. Accordingly, Mr. Medley's motion is denied.

## III.   CONCLUSION

Mr. Medley's motion to enforce is DENIED. This resolves Dkt. No. 32.

SO ORDERED.

Dated: March 3, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge